I concur in the main opinion, and I write only to reiterate the point I made in my special writing in Breaux v. Thurston,888 So.2d 1208, 1223 (Ala. 2003) (See, J., concurring specially).
A Kerlix brand gauze pad was left inside Jennifer Garrett and was discovered approximately eight months after the surgery, during exploratory surgery to locate the source of the problems Garrett had *Page 677 
been having since the initial surgery. In Breaux, I stated that "the plaintiff must present substantial evidence indicating that the surgeon did not fully comply with all aspects of the standard of care." 888 So.2d at 1223. Evidence that a foreign object was left in the patient's body following a surgery establishes a prima facie case of negligence. Thereafter, the burden of going forward shifts to the defendant physician to present evidence of what the physician argues is the applicable standard of care and evidence indicating that the physician complied with all aspects of that standard of care.
If the physician offers such evidence, the ultimate burden is on the plaintiff to prove the standard of care and that the defendant did not fully comply with all aspects of that standard of care. Thus, if Dr. Virginia Houserman and Honea Houserman, P.C., present evidence as to the standard of care and Dr. Houserman's full compliance with that standard of care, then the burden is on Garrett to present evidence sufficient to overcome Dr. Houserman and Honea Houserman, P.C.'s evidence.